FILED
2026 Oct-15 AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

**TIMOTHY BRYAN STANDFIELD,**
Petitioner,

**v.**

**STATE OF ALABAMA,**
*et al.*,
Respondents.

**Case No. 3:26-cv-435-CLM-HNJ**

## MEMORANDUM OPINION

The magistrate judge has entered a report, recommending that the court dismiss Petitioner Timothy Bryan Standfield's amended pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 6) without prejudice because this court lacks jurisdiction over Standfield's successive petition under 28 U.S.C. § 2244(b)(3)(A). (Doc. 19). The magistrate judge also recommends that the court deny Standfield's motion to appoint counsel (doc. 10), motion to hold case in abeyance (doc. 11), and motion for evidentiary hearing (doc. 12). Standfield timely objects to the magistrate judge's report and recommendation. (Doc. 20).

In his objections, Standfield "does not dispute that the present petition challenges the same state judgment as the 2023 petition," nor does he dispute "the general rule that authorization is required for a second or successive § 2254 application." (*Id.*, p. 2). Standfield also admits that he has not received authorization from the Eleventh Circuit to file his second or successive § 2254 petition. (*Id.*, p. 8). Instead, Standfield mainly objects to the magistrate judge's characterization of Judge Burke's adjudication of Standfield's first § 2254 petition and the claims that were before the Eleventh Circuit when it denied Standfield's motion for authorization to file a second or successive petition on July 8, 2026. (*See generally* doc. 20).

The court thus **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation to the extent that the court will **DISMISS** Standfield's § 2254 petition **WITHOUT PREJUDICE** for lack of jurisdiction and **DENY** Standfield's pending motions (docs. 10, 11, 12). Because the court lacks jurisdiction over Standfield's petition, the court makes no findings related to Judge Burke's dismissal of Standfield's first petition other than to note that Judge Burke dismissed Standfield's claims either on the merits or under the procedural default doctrine, (*see* docs. 16 & 17 in Case No. 3:23-cv-1319-LCB-HNJ), so the successive petition bar applies to the claims Standfield seeks to raise here. The court also makes no findings on which claims were before the Eleventh Circuit when it denied Standfield's motion for permission to file a second or successive petition.

The court will enter a separate final order that carries out this ruling and closes this case.

**DONE** and **ORDERED** on October 15, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE